B. G. JOHNSON, Appellant, v. FRED E. MERRICK, Respondent.

(173 N. W. 834.)

**Appeal and error — judgment — dismissal.**

This case presents an appeal from an order setting aside a verdict and judgment for $185 and dismissing the action. An examination of the record shows no reason for the order.

Opinion filed July 1, 1919.

Appeal from an order of the District Court of Ramsey County, Honorable *W. J. Kneeshaw,* Special Judge.

Reversed.

*Siver Serumgard* and *H. S. Blood,* for appellant.

Any distinct act of dominion wrongfully exerted over one's property in denial of his right, or inconsistent with it, is a conversion. Bowers, Conversion, p. 1, § 1; Taylor v. Jones, 3 N. D. 235; Clendening v. Hawk, 8 N. D. 419.

Where a demand is useless or unavailing a demand is unnecessary, nor is a demand necessary when the defendant has voluntarily placed himself in a position where he cannot perform. Bowers, Conversion, §§

338, 339; Hahn v. Sleepy Eye Mill. Co. 112 N. W. 843; Myrick v. Bill, 17 N. W. 268; More v. Burger, 15 N. D. 345.

*Flynn & Traynor,* for respondent.

Where the decree and the written opinion of the court are at variance, the former will control. Goodnow v. Litchfield (Iowa) 9 N. W. 107; same case on rehearing, 13 N. W. 86; Nichols & S. Co. v. Trower (Okla.) 78 Pac. 575; Roders v. Hoenig (Wis.) 1 N. W. 17; 23 Cyc. 1145, 1166.

ROBINSON, J. This is an appeal from order setting aside a verdict and judgment for $185. The record contains a mass of needless stuff, and the writer gives no credit to either counsel for the way in which the trial was conducted.

The plaintiff avers that during the year 1914 he farmed a tract of land in town 155 of range 62, under a cropping contract with defendant. That he produced thereon: Wheat, 1,008 bushels; flax, 210 bushels; oats, 275 bushels; that he cut and put in stack 55 tons of hay; that by the terms of the contract the plaintiff was to furnish the seed grain and to do all the work and to have three fourths of the crop; that the value of the crop produced amounted to $2,109. That in October, 1914, the defendant wrongfully took, sold, and converted to his own use all of the crops. The answer admits the taking and conversion of the crops, and admits that he received from the grain taken and sold $1,142.97; and it appears that he sold the hay and received for it $184.50. The answer also avers that in April, 1915, in an action in the district court of Ramsey county, between the same parties, a judgment was entered that Merrick was entitled to the possession of the hay and grain produced on the premises in 1914, but an examination of the judgment roll does not sustain the plea of a former adjudication. It shows merely an injunctional suit to restrain Johnson from interfering with the possession of Kendall, as lessee of Merrick. The relief demanded was that the plaintiff be restrained from interfering with Merrick or his assignee and from taking the hay on the premises. The judgment was that by the terms of the lease Merrick was entitled to the possession of the real estate, the grain, and the hay. The judgment is manifestly erroneous, if not void, in attempting to dispossess Johnson by an injunctional procedure (which is not a legal or proper

means of acquiring the possession of either real or personal property). Yet, giving it full force and effect, it does not determine any issue in this case. Hence the question is, Was there any just cause for setting aside the verdict and judgment, and dismissing the case? The answer is an emphatic, "No." The testimony shows beyond contradiction that, in the absence of Johnson, Merrick went onto the farm in possession of Johnson, broke the grain locks, took the wheat and all the other crops and sold the same, and then immediately left for Oregon with the proceeds in his pocket and without notifying the plaintiff or making any attempt to settle with him. He completely disregarded the rights of Johnson. It is hard to conceive why the verdict and judgment was not for a much larger sum, but in the charge to the jury the court said: "The plaintiff in his complaint admits that he received the sum of $920.16, and this sum you are bound to allow as a credit against any sum that might be given the plaintiff under the alleged conversion." Now, if there was such an admission in the complaint, then the charge was right and the verdict was right, but an examination shows that there was not such an admission. The complaint contained a cause of action for work, labor, and materials, amounting to $163.50, and on the trial that cause of action was stricken out so as not to bar a future action, and still it was included in the admission. The complaint concludes thus: "That by reason of the facts stated, there is now due and owing to defendant $2,319.61, which is unpaid, except $920.16. While an examination of the answer and the record shows that the admission may have been a grave blunder, that question is not before the court. Manifestly the defendant had no reason for moving to set aside the verdict and judgment and to dismiss the action. Hence the order is reversed, with costs, and the verdict and judgment is reinstated.

BIRDZELL, J., concurs.

GRACE, J. I concur in the result.

CHRISTIANSON, Ch. J. (concurring specially). I concur in the conclusion reached in the opinion prepared by Mr. Justice Robinson. I agree that the judgment in the injunctional action is not *res judicata* in this case. The question involved in that case was the right of pos-

session of the grain and hay produced. The written contract contained a stipulation to the effect that the owner of the land (the defendant in this case) was vested with title to all grain and hay until a division was had between the parties. Under the construction placed upon such stipulations prior to the time of the trial of that action, the owner of the land could enforce such stipulations regardless of whether he had any claim against the tenant or not. The question of the amount of the indebtedness, if any, which the tenant owed to the landowner was not involved in that case, and in the memorandum filed by the trial court in that case, he expressly reserved to the tenant the right to maintain an action such as the one before us.

I also agree that there was an issue for the jury as to the amount, if any, due to the plaintiff. Therefore, judgment notwithstanding the verdict should not have been ordered, and the judgment rendered upon the verdict should be reinstated.

BRONSON, J., concurs.